Informal Opinion No. 98-17 Ronald Goldman, Esq. Village Attorney Village of Lawrence 196 Central Avenue Lawrence, New York 11559
Dear Mr. Goldman:
You have asked whether the clerk treasurer of a village may also serve as a member of the board of trustees of another village.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v. Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that the principle equally covers an office and a position of employment or two positions of employment. Also, where positions are compatible, a conflict of interests may arise out of the simultaneous holding of the positions. The conflict can be avoided by declining to participate in the disposition of the particular matter.
The individual as to whom you inquire would hold office in two different municipalities. Therefore, one position is not subordinate to the other. We are not aware of any statute that would prohibit holding the two positions. Section 3-300(4) of the Village Law provides that a person is only disqualified from holding a village office by reason of holding any other public office if he or she cannot fully discharge the duties of the village office while carrying out the duties of the other office. We see no legal impediment to the discharge of duties here, and no conflict between the duties of these two positions. Since they are within two separate municipalities, there is little potential for interaction. In the event that there is a contract or some other transaction between the two villages creating a conflict, the remedy is recusal.
We conclude that a person may hold simultaneously the positions of clerk treasurer in one village and member of the board of trustees of another village.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions